Reese, J.
delivered the opinion of the court.
The principál question in this case is, whether a widow to whom dower in the lands of her husband has not been assigned by the heir, or by those claiming under him, shall be barred by the possession of the heir, or of those who come in under him, if for seven years after the death of the husband, she omit to sue for her dower. It is insisted that she is so barred by the operation of the 2d section of the act of 1819, c 28. A widow in England is not barred of her dower by the statute 32 Henry VIII. c 2, because those who are barred by that statute, must count either on their own seizin, .or that of an ancestor, and the widow, before assignment, has no seizin in the lands of which she is dowable, nor does she count on the seizin of any ancestor. She is not barred by the act passed by the limitation of actions, (21 James I, 1 Ch. 16:) for that act barred the right of entry to those who for twenty years after the accrual of such right, omit to enter or bring their sui.s. But the widow, before assignment o! her dower, lias no right of entry upon the premises of which she is dowable, and therefore her right of entry not existing, and that statute operating only upon such right, her title is unaffected by it.
But it is said that the statute of fines and proclamations, 1 Rich. III. c 7, or rather the statute which re-enacts that, 4 Henry VII, c24, will bar the title to dower. This position, though in early times contradicted by Plowden, and as to its principle, questioned and criticised in modern times-by. Preston,. is yet well established. If a fine, with proclamations, be levied, the seizin and title of the person in whose favor it is levied, become, or are taken as. paramount to the title of the heirs and of the widow, and are. inconsistent with her claim, and if she omit, for the five years given by the saving of the statute, to make her claim, it becomes barred by such fine *341 and non-claim. A fine is a conveyance of record, and although the proceeding is fictitious, yet it appears of record that the purchaser has a title, not only adverse, but paramount to that of the husband, or his heir who has suffered the recover.y, and the right of dower, consequently, would not exist at all, had not the statute seen proper, because the proceeding was but a fiction, to annex a saving, and this saving extending to five years only; if there be no claim within that period, the claim is of course barred. But very different are the relations existing here in point of title between the widow and the heir, when we come to the inquiry whether the widow be barred of her dower by the 2d section of the act of 1819, c 28. Neither the title nor the possession of the heir is adverse to that of the claimant of dower, nor is it in any way inconsistent with it. The title to dower is involved with and inherent in that of the heir — his seizin and possession, al--though for himself, inures also to the benefit of the claimant in dower; his possession indeed, may protect, but it cannot destroy the right to dower, unless the second section of the act in question shall constrain us to give to it an effect so little iu harmony.with the relations which exist between the titles of the heir and the dowress. But we do not think that section creates a bar to the assertion of the widow’s right to dower: 1st. Because, as we have already said, the title and possession of the heir are not inconsistent with the claim for dower. Their operation should sustain, not destroy, should giv.e effect to, not defeat the title in dower. 2d. Because, while the law gives to the widow no right of entry upon the lands of the heir of which she is dowable, but her remedy for the assertion of her claim lies in action only; it imposes upon the heir as an active and continuing duty towards the dowress, that he should himself assign to her the dower to which she may be entitled. 3d. Because whatever different views may be entertained with regard to the first and second sections of the act of 1S19, all will perhaps agree that the leading policy, the main scope, the end and aim of both are to protect those in possession of real property against claims, whether legal or equitable, which those who are out of possession hold adversely against such persons in possession; yet to embrace a *342 case of dower not only affects a claim, which is not , „ , , . J , . .... , , that ol the heir, as we have shown, but it in lact makes t-he possession one way or the other, altogether immaterial in reference £0 the statutory bar. For if the second section of the statute will in behalf of the heirs, bar the widow at all, it will do so in a case where the lands being wild neither party is in actual possession; nay more, the bar will exist in a case where the widow continues from the death of her husband to reside for seven years upon the premises in which she seeks to be endowed, and then brings her suit for the assignment of dower. 4th. Because the construction of the second section of the act of 1819, which would bar the widow of her dower in favor of the heir, would also create a bar in the case of a technical, direct and continuing trust. We do not think such was the object of the statute. In this case, indeed, it is not the heir, but a purchaser of his title, who insists upon the statute of limitations. But we think that the same relation exists between such purchaser and the claimant of dower, and the title remains in precisely the same attitude, as in the case of the heir himself.
There are questions in the case arising upon the deed of trust, which perhaps would, independently of the above considerations, bring the cause to the same result. But as the more general and morn important question which we have discussed, will, in the view we take of it, settle the rights of the parties in this controversy, we deem it unnecessary to present those peculiar features of the case, which, if we had thought differently upon the main question, would have deserved notice. Let the decree be affirmed.
Decree affirmed.